## J. W. TEASDALE & CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2715. Promulgated January 27, 1927.

1. A petition appealing from the determination of deficiency in tax for 1920 was not filed within sixty days after mailing of notice of deficiency, and the Board therefore has no jurisdiction to redetermine this deficiency.

2. The petitioner and the Circle Realty Co. and the Losey Real Estate Co. *held* to have been affiliated in 1919. The Seneca Dried Fruit Co. *held* not to have been affiliated with petitioner in 1919.

3. Alleged bad debt charged off in 1919 disallowed because worthlessness was not ascertained in that year.

*W. A. Allen, Esq.,* for the petitioner.
*W. F. Gibbs, Esq.,* for the respondent.

This proceeding is to redetermine deficiencies in income and profits tax as follows: For 1919, $1,818.82; for 1920, $7,652.77.

The petitioner assigns the following errors:

(1) The disallowance by the Commissioner of the deduction as a bad debt of $7,765.13 in 1919.

(2) The disallowance of deductions, aggregating $22,060.95, as bad debts and losses in 1920.

(3) The refusal of the Commissioner to recognize the Seneca Dried Fruit Co. and the Losey Real Estate Co. as affiliated with petitioner.

The respondent's answer raises the question of the jurisdiction of the Board as to the year 1920, alleging that a petition appealing from the determination was not filed with the Board within sixty days after the mailing of the notice of the deficiency for that year.

### FINDINGS OF FACT.

The petitioner is an Illinois corporation with its principal office in St. Louis, Mo.

A notice of deficiency in tax for 1919 was mailed to the petitioner on January 23, 1925. Within sixty days thereafter, to wit, on March 20, 1925, it filed a petition with the Board. This petition, however, was irregular in form and the petitioner was advised that its petition would have to be completed in the manner and form prescribed by the Rules of Practice of the Board. Upon request it was granted time in which to file an amended petition. A notice of deficiency in tax for the year 1920 was mailed to the petitioner on April 9, 1925. Thereafter, the petition, sworn to on August 5, 1925, was filed with the Board. The amended petition, however, relates to the deficiencies for both the years 1919 and 1920. No other petition relative to the deficiency for 1920 was filed.

The principal stockholder of petitioner in 1919 and for many years prior thereto was J. W. Teasdale, Sr. He was also a large stockholder of the Circle Realty Co. and the Losey Real Estate Co. It was admitted that the petitioner was affiliated with the Circle Realty Co. In 1919 the stock of the petitioner and of the Losey Real Estate Co. was owned as follows:

|  | Shares held. | |
| --- | --- | --- |
|  | J. W. Teasdale & Co. | Losey Real Estate Co. |
| J. W. Teasdale, Sr | 405 | 273 |
| J. W. Teasdale, Jr | 93 | 75 |
| G. W. Teasdale | 1 | 1 |
| W. W. Teasdale | 1 | 1 |
| Mary E. Teasdale | | 1 |
| Emma S. Teasdale | | 16 |
| St. Louis Trust Co., for benefit of two sons of J. W. Teasdale, Jr | | 33 |
| Total | 500 | 400 |

J. W. Teasdale, Jr., and G. W. Teasdale, were sons of J. W. Teasdale, Sr., and Emma was the wife of J: W. Teasdale, Jr., and Mary E. was the wife of G. W. Teasdale.

The Seneca Dried Fruit Co. was a New York corporation with its place of business at Rochester. The evidence does not show who the stockholders of this company were, but it was controlled by the Teasdales, either directly or through the petitioner. At some time prior to 1911, the petitioner advanced $10,000 to the Seneca Dried Fruit Co. for starting the business, and the petitioner thereafter advanced other sums of money. It owed petitioner, on June 30, 1911, $19,745.95; and on June 30, 1912, $20,054.17.

In the latter part of 1912 or early in 1913, the Seneca Dried Fruit Co. was declared bankrupt, and never thereafter resumed business. At that time it was indebted to the Traders National Bank of Rochester, and payment of the debt was guaranteed by G. W. Teasdale. The assets of the bankrupt were insufficient to pay its creditors. Thereafter, the bank sued G. W. Teasdale and recovered a judgment against him for $1,400, which was paid by the petitioner and the amount debited on its books to the account of the Seneca Dried Fruit Co.

In 1919 the debit balance against the last named company on petitioner's books was $17,765.13. In that year $7,765.13 of this sum was charged off as a bad debt. In 1921 the remaining $10,000 was debited to the account of J. W. Teasdale, Sr.

### OPINION.

Love: The notice of deficiency in tax for 1920 was mailed to petitioner on April 9, 1925. The sixtieth day after that date was June 8, 1925. There was no petition filed relating to the year 1920 except the amended petition correcting the irregularity in the petition appealing from determination as to the year 1919, which had been filed March 20, 1925. While this amended petition also covered 1920, it was not filed until after June 8, 1925. It is, therefore, at once apparent that there was not a petition appealing from the determination of deficiency in tax for 1920 filed within sixty days after the mailing of notice of deficiency, and, consequently, the Board has no jurisdiction to redetermine this deficiency. The sixty-day period of limitation is fixed by the statute and the Board has no power to extend it.

The facts show that in 1919 all but two shares of petitioner's capital stock was owned by J. W. Teasdale, Sr., and a son, and that the remaining two shares were held by a brother and another son. These four persons also owned 350 shares of the stock of the Losey Real Estate Co. out of a total of 400 shares outstanding (or 87½

per cent) ; and of the remaining 50 shares, 17 were held by the wives of the two sons of J. W. Teasdale, Sr., and 33 shares were held in trust for children of one of the sons. There is no question in our minds that these facts meet the test of the statute that two or more corporations shall be deemed affiliated when " substantially all the stock * * * is owned * * * by the same interests."

There is no direct proof of the ownership of the capital stock of the Seneca Dried Fruit Co. It does appear that the members of the Teasdale family controlled this corporation in some manner, but we are not warranted on the vague testimony on this point in making a finding that the ownership or control of the stock was sufficient to deem the corporation affiliated with petitioner. Upon the evidence in the record we can not find that the Seneca Dried Fruit Co. was affiliated with petitioner in 1919.

The petitioner seeks to deduct from income in 1919, $7,765.13 which was charged off in that year as a bad debt. This is a part of the debit balance carried on its books against the Seneca Dried Fruit Co., the total in 1919 being $17,765.13. This total (with the possible exception of $1,400) is the balance of the old indebtedness to the petitioner of the Seneca Dried Fruit Co. which existed in 1912 or 1913. The latter went into bankruptcy at that time, and the fact of worthlessness of the debt must have been known at that time or shortly thereafter, as it was testified that the Traders National Bank could not recover on its debt against the bankrupt and hence sued G. W. Teasdale as guarantor. The only reason given for not charging off this account before 1919 was that the suit of the Traders National Bank was pending and the total amount of indebtedness of the Seneca Dried Fruit Co. to petitioner could not be known until this suit was concluded. We are unable to see how this would affect the fact of worthlessness of the old debt. It does not appear, in any event, why the petitioner paid the amount of the judgment obtained by the bank against G. W. Teasdale. Our conclusion is that the evidence does not show this debt became worthless within the year 1919.

> *Judgment will be entered after 20 days'
> notice, under Rule 50.*